UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OKCDT ENTERPRISE, LLC, and<br>ANISH HOTELS GROUP, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>CR CRAWFORD CONSTRUCTION,<br>LLC, CODY CRAWFORD, JASON<br>KEATHLEY, and<br>SCOTT STOKENBURY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-18-1134-G |

## ORDER

Now before the Court is Defendants' Motion to Dismiss (Doc. No. 4), filed on November 27, 2018. Plaintiffs have responded in opposition (Doc. No. 13), and Defendants have replied (Doc. No. 16). Upon consideration of the parties' submissions, the Court orders that the action be transferred to the United States District Court for the Western District of Arkansas.

BACKGROUND

In this lawsuit, it is alleged that in October 2017 Plaintiff Anish Hotels Group ("Anish Hotels"), an Oklahoma limited liability company, entered into a construction contract with Defendant CR Crawford Construction ("CR Crawford"), a foreign limited liability company, related to the construction of a Fairfield Inn Hotel in downtown Oklahoma City. *See* Pet. (Doc. No. 9-2) at 1-2. The real property designated as the site of construction is owned by Plaintiff OKCDT Enterprise ("OKCDT"). *Id.* at 1. OKCDT and

Anish Hotels are affiliates and share the same sole member and manager, Aniketan Patel. Defs.' Mot. at 5; Doc. Nos. 6, 7. To finance the hotel's construction, OKCDT obtained a loan from Security National Bank of Enid, N.A., which was secured by a mortgage covering the real property. Pet. at 2.

In August 2018, a dispute arose between CR Crawford and Anish Hotels regarding additional payments CR Crawford claimed were due under the contract. Alleging material breach, CR Crawford suspended its construction work on the hotel. *Id.* at 3. On September 18, 2018, CR Crawford filed a Material and Mechanic's Lien Statement against the hotel property in the amount of $1,310,243.10. *Id.* Defendants allege that on that same date, CR Crawford filed suit against Anish Hotels and other defendants in Washington County Circuit Court in Fayetteville, Arkansas, for breach of contract.[1] *See* Defs.' Mot. at 3; Defs.' Mot. Ex. 2 (Doc. No. 4-2) at 1. CR Crawford has since added OKCDT as a defendant in that action. Pl.'s Resp. at 3.

Plaintiffs Anish Hotels and OKCDT filed the instant action on October 31, 2018, in the Oklahoma County District Court against Defendants CR Crawford, Cody Crawford, Jason Keathley, and Scott Stokenbury. *See* Pet. at 1. In this action, Plaintiffs seek a declaratory judgment that the amount CR Crawford claimed in the Material and Mechanic's Lien Statement was substantially incorrect, cancelation of the lien pursuant to title 42, section 177 of the Oklahoma Statutes, and an order directing CR Crawford to

---

[1] CR Crawford also named numerous subcontractors as defendants in that action, seeking a declaratory judgment that would suspend its obligation to pay the subcontractors until after Anish Hotels paid it the additional sums at issue. Defs.' Mot. at 3.

amend its lien statement to reflect only undisputed charges due under the contract. Plaintiffs additionally seek actual and special damages allegedly incurred due to CR Crawford's actions, including damages for slander of title and intentional interference with contractual relations. *See* Pet. at 1, 7.

Defendants removed the case on November 19, 2018, asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Notice of Removal (Doc. No. 1) at 1; Am. Notice of Removal (Doc. No. 9) at 1. Defendants moved for dismissal of the action pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and the doctrine of *forum non conveniens*.[2]

## DISCUSSION

*A. Motion for Dismissal under Rule 12(b)(3) of the Federal Rules of Civil Procedure*

Defendants contend that venue is improper due to a valid and enforceable forum selection clause (referred to herein as the "Forum Selection Clause") contained in the construction contract executed by Anish Hotels and CR Crawford. *See* Defs.' Mot. at 4-11; *see also* Pet. at 15-29 (Agreement). The Forum Selection Clause provides, in its entirety:

> This agreement shall be construed in accordance with the laws of the State of Arkansas. The exclusive venue for the litigation of any disputes arising hereunder or related to shall be either Washington County Circuit Court or United States District Court, Western District of Arkansas, Fayetteville Division. By executing this Agreement[,] [Anish Hotels] hereby voluntarily, knowingly and intentionally submits itself to the personal jurisdiction of the

---

[2] Defendants also request dismissal pursuant to the first-filed rule and the *Colorado River* doctrine. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

> courts referenced herein for the purpose of litigating any and all disputes with [CR Crawford] related to the Agreement.

Pet. at 26; *see also id.* at 15; Defs.' Mot. Ex. 1 (Doc. No. 4-1) at 12. Based upon this provision, Defendants seek dismissal under Rule 12(b)(3) of the Federal Rules of Civil Procedure and the doctrine of *forum non conveniens*. *See* Defs.' Mot. at 2.

The Court evaluates Defendants' request to enforce the Forum Selection Clause under the teachings of *Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013). In *Atlantic Marine*, the Supreme Court held that because venue in a federal district court is determined by the applicable statutory factors (typically those set forth in 28 U.S.C. § 1391(b)), a forum selection clause restricting suit to another jurisdiction "does not render venue in a court 'wrong' or 'improper' within the meaning of [28 U.S.C.] § 1406(a) or Rule 12(b)(3)." *Id.* at 59. Thus, a proper "mechanism for enforcement of forum-selection clauses that point to a particular federal district" is a motion to transfer under 28 U.S.C. § 1404(a), and the "appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Id.* at 59, 60; *see also Niemi v. Lasshofer*, 770 F.3d 1331, 1351 (10th Cir. 2014).

Plaintiff's allegations are plainly sufficient to satisfy the requirements set forth in 28 U.S.C. § 1391(b) to locate venue in the Western District of Oklahoma. *See* Pet. at 2 ("This action involves real property located in Oklahoma County, Oklahoma. . . . [T]he acts and omissions complained of . . . occurred in Oklahoma County, Oklahoma."); 28 U.S.C. § 1391(b)(2). Accordingly, dismissal pursuant to Federal Rule of Civil Procedure

4

12(b)(3) or 28 U.S.C. § 1406(a) due to improper venue is not supported by reference to the cited Forum Selection Clause. *See* Fed. R. Civ. P. 12(b)(3); *Atl. Marine*, 571 U.S. at 55-56, 59. The Court denies Defendants' request for dismissal pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

   B. *Transfer under 28 U.S.C. § 1404(a)*

As noted, the Supreme Court in *Atlantic Marine* stated that transfer under 28 U.S.C. § 1404(a) is a proper "mechanism for enforcement of forum-selection clauses that point to a particular federal district," and dismissal under the doctrine of *forum non conveniens* is the "appropriate way to enforce a forum-selection clause pointing to a state or foreign forum." *Atl. Marine*, 571 U.S. at 59, 60. It remains unsettled, however, whether transfer is required or preferable to dismissal when the forum selection clause at issue—like the one here—allows suit in *both* a federal and a state court.

That was the case in *Atlantic Marine* and the Supreme Court stated that the court of appeals had "correctly identified [28 U.S.C.] § 1404(a) as the appropriate provision to enforce the forum-selection clause." *Id.* at 53, 62. At least one court of appeals has held that *Atlantic Marine* nevertheless does not preclude *forum-non-conveniens* dismissal when a forum selection clause identifies both a federal and a state court as proper forums. *See Hisey v. Qualtek USA, LLC*, No. 16-13477, 2018 WL 4896744 (11th Cir. Oct. 9, 2018) (affirming dismissal but noting that sua sponte § 1404(a) transfer also would have been

appropriate). Here, the Court adheres to the mechanism approved in *Atlantic Marine*: a § 1404(a) transfer of venue.[3]

1. Whether the Forum Selection Clause is Enforceable and Applies to Plaintiffs' Petition

The first question relevant to § 1404(a) transfer is whether the Forum Selection Clause cited by Defendants is enforceable with respect to the claims asserted by Plaintiffs. Plaintiffs do not dispute that the Forum Selection Clause is valid.[4] "Forum selection clauses are 'prima facie valid' and a party resisting enforcement carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable or unjust under the circumstances." *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992); *see M/S Bremen v. Zapata Off-Shore*

---

[3] As noted, Defendants in their Motion request dismissal under Rule 12(b)(3) of the Federal Rules of Civil Procedure and the doctrine of *forum non conveniens*. In that Motion, Defendants did not request transfer under § 1404(a). At the hearing on Defendants' Motion, the Court raised the issue of transfer with both sets of parties and Defendants, while indicating their preference for dismissal, also requested transfer. Because the parties have briefed the relevant issues—enforcement of the Forum Selection Clause and application of *forum non conveniens* principles—the Court finds that no additional briefing is necessary. "Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system. . . ." *Atl. Marine*, 571 U.S. at 60.

[4] Nor do Plaintiffs dispute that the Forum Selection Clause is mandatory rather than permissive. *See Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997) (explaining that "[m]andatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum" (alteration and internal quotation marks omitted)). Indeed, the clause at issue uses exclusionary terms: "The *exclusive* venue . . . *shall* be . . . ." Pet. at 26 (emphasis added); *see, e.g., K & V Sci. Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")*, 314 F.3d 494, 500 (10th Cir. 2002) (identifying the term "exclusive" as indicative of a mandatory forum selection clause); *accord Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 927 (10th Cir. 2005).

*Co.*, 407 U.S. 1, 10, 15 (1972); *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992). Plaintiffs contend, however, that the Forum Selection Clause—which, again, appears in the construction contract executed by Anish Hotels and CR Crawford—may not be enforced against nonsignatory OKCDT. The Court disagrees.

This Court has previously determined that "[t]here is ample support for the conclusion that the fact a party is a non-signatory to an agreement is insufficient, standing alone, to preclude enforcement of a forum selection clause" against that party. *Mich. Elec. Emps. Health Plan v. Granite Re, Inc.*, No. CIV-10-1164-D, 2011 WL 1870234, at *3 (W.D. Okla. May 16, 2011) (internal quotation marks omitted); *accord Hewitt v. Salina*, No. CIV-11-969-M, 2012 WL 29154, at *1 (W.D. Okla. Jan. 5, 2012). While the Tenth Circuit has not addressed the issue, other circuit courts

> hold that a non-signatory is bound by a forum selection clause only if the non-signatory is "closely related" to a signatory, or the non-signatory has interests in the litigation that are "directly related to, if not predicated upon" the interests of the signatories. *See, e.g.*, *Marano* [*Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 756-57 (8th Cir. 2001)]. The "closely related" requirement has also been satisfied where the non-party is closely related to the dispute which stems from the agreement in which the forum selection clause appears. As the Seventh Circuit observed, "[i]n order to bind a non-party to a forum selection clause, the party must be closely related to the dispute such that it becomes foreseeable that it will be bound." *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993).

*Mich. Elec. Emps. Health Plan*, 2011 WL 1870234, at *3 (third alteration in original).

As the owner of the real property on which the hotel was being constructed and as the party who obtained a loan to finance the hotel's construction, OKCDT's interests in this litigation are clearly "closely related" to the dispute over the alleged nonpayment and ensuing material and mechanic's lien on OKCDT's property. Moreover, the individual

7

who signed the contract on behalf of Anish Hotels—Aniketan Patel—is also the sole member and manager of OKCDT—thus, OKCDT had actual notice of the Forum Selection Clause. Plaintiffs also admit that "Anish Hotels was authorized to act on behalf of OKCDT for all purposes described in [the] Petition." Pet. at 1. In light of this relationship and OKCDT's substantial involvement in the project contemplated under the construction contract, application of the Forum Selection Clause to OKCDT was foreseeable. *See In re McGraw-Hill Global Educ. Holdings, LLC*, 909 F.3d 48, 64-66 (3d Cir. 2018); *Hugel*, 999 F.2d at 209; *Mich. Elec. Emps. Health Plan*, 2011 WL 1870234, at *4; Pet. at 29; Doc. Nos. 7, 8. Accordingly, the Court concludes that the Forum Selection Clause is binding on Plaintiff OKCDT and Plaintiff Anish Hotels.

2. Whether Transfer to the Western District of Arkansas is in the Interests of Justice

Section 1404(a) provides that, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In *Atlantic Marine*, the Supreme Court set forth the standards for a § 1404(a) transfer of venue when the complaint at issue is subject to a forum selection clause:

> When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied . . . .
>
> In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations . . . .

The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum." The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote "the interest of justice," "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways.

First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. Because plaintiffs are ordinarily allowed to select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations), we have termed their selection the "plaintiff's venue privilege." But when a plaintiff agrees by contract to bring suit only in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its "venue privilege" before a dispute arises. Only that initial choice deserves deference, and the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed.

Second, a court evaluating [a § 1404(a) transfer of venue] based on a forum-selection clause should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum . . . .

. . . .

Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations . . . .

. . . .

When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and

9

> other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain.

*Atl. Marine*, 571 U.S. at 62–66 (citations and footnotes omitted).

Applying these principles, the Court "deem[s] the private-interest factors to weigh entirely in favor of" venue in the Western District of Arkansas. *Id*. at 63-64. As to the public interest factors, these include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id*. at 62 n.6 (alteration in original) (internal quotation marks omitted).

The public interest factors do not present a reason to locate venue in Oklahoma that is so compelling as to defeat the Forum Selection Clause's stipulation to venue in Arkansas. Neither party has suggested that court congestion is an issue in either of the relevant federal courts. The interest in having local controversies decided close to home weighs slightly in favor of the case remaining in Oklahoma, as the construction project at issue is here. However, as the litigation involves a dispute over the construction of a hotel in Oklahoma by an Arkansas company, both states have a connection to the litigation. The third factor weighs in favor of Arkansas, as the construction contract dictates that it "shall be construed in accordance with the laws of the State of Arkansas." Pet. at 26. And while it is true that the dispute involves a lien on property located in Oklahoma, this does not constitute an exceptional circumstance that would override a valid forum selection clause. Accordingly,

10

the Court concludes that the balance of public and private interests weighs in favor of transfer of this action to the Western District of Arkansas.

Plaintiffs nevertheless assert several other arguments for why their claims should be heard in this Court. Plaintiffs first argue that "the Arkansas state court lacks *in personam* jurisdiction over OKCDT," as Arkansas has neither general nor specific jurisdiction over OKCDT, OKCDT did not consent to jurisdiction in Arkansas by signing the construction contract, and the traditional notions of fair play and substantial justice "would not be met by requiring an owner of Oklahoma real property to litigate its rights in Oklahoma real property in another state based on an agreement the owner was not a party to." Pls.' Resp. at 6-7. Because OKCDT is bound by the Forum Selection Clause, its choice of forum is limited to the venues specified in the Forum Selection Clause. OKCDT of course is not required to proceed with its claims following transfer of this action to the Western District of Arkansas, but should it do so that court will have personal jurisdiction over OKCDT. *See Hetronic Int'l, Inc. v. Hetronic Germany GmbH*, No. CIV-14-650-C, 2015 WL 5569035, at *1 (W.D. Okla. Sept. 22, 2015); *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 645-46 (6th Cir. 2006) (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985)).

Next, Plaintiffs argue that the Forum Selection Clause "should not be applied in this action seeking declaratory relief on the validity of a lien filed pursuant to Oklahoma law by CR Crawford in Oklahoma County against Oklahoma real property." Pls.' Resp. at 4. Plaintiffs state that it would be "unreasonable to litigate the validity of a lien against Oklahoma real property in an Arkansas state court," primarily because Oklahoma law and public policy dictate that determinations over real-property rights must be made in "the

11

county in which the subject of the action is situated." *Id.* (internal quotation marks omitted). To this end, Plaintiffs cite Okla. Stat. 12, § 131(1)(a), which provides that actions "for the recovery of real property, or of any estate, or interest therein, or the determination in any form of any such right or interest," "shall be brought in the county in which the subject of the action is situated." Okla. Stat. tit. 12, § 131(1)(a).

As an initial matter, this argument contradicts the choice made through the Forum Selection Clause to place exclusive venue in Arkansas for "any disputes arising [under the Agreement] or related to [the Agreement]." Pet. at 26. In this action, Plaintiffs seek a determination that CR Crawford is not owed the amount set forth in its lien statement under the provisions of the contract between Anish Hotels and CR Crawford. Plaintiffs also seek actual and special damages for slander of title, intentional interference with contractual relations, and "additional costs and expenses and double payments made for work performed by subcontractors" under the contract. Pet. at 5, 7. Clearly, these disputes relate to the contract and therefore fall within the scope of its Forum Selection Clause.

Regardless, as explained in *Atlantic Marine*, it is the federal venue statutes—not Oklahoma venue statutes—that govern. *Atl. Marine*, 571 U.S. at 56 (holding that "federal venue provisions . . . alone define whether venue exists in a given [federal] forum"). Thus, Plaintiffs are incorrect that Okla. Stat. tit. 12, § 131(1)(a) renders "Oklahoma County the only proper venue" for this action." Pls.' Resp. at 4. *See Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988) ("If venue were to be governed by the law of the state in which the forum court sat, the federal venue statute would be nugatory." (internal quotation marks omitted)); *see also Bowen Eng'g, Corp. v. Pacific Indem. Co.*,

83 F. Supp. 3d 1185, 1190 (D. Kan. 2015) (explaining that "questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature, [and thus] federal law applies in diversity cases irrespective of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)" (omission and internal quotation marks omitted) (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995))).[5]

Finally, Plaintiffs argue that the Forum Selection Clause should not be enforced because doing so would "contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *M/S Bremen,* 407 U.S. at 15. The Court concludes that is not the case here. Plaintiffs have presented no authority that expressly identifies Okla. Stat. tit. 12, § 131(1)(a) as strong Oklahoma public policy or that applies it to actions, such as this, seeking cancelation of a lien statement or challenging the amount specified therein. *See Nauert v. Nava Leisure USA, Inc.*, No. 99-1073, 2000 WL 381509, at *3-4 (10th Cir. Apr. 14, 2000) (rejecting the argument that a forum selection clause violated the public policy of Colorado as expressed in statutes when those statutes did not apply to the fact situation in that case); *Riley*, 969 F.2d at 957 (explaining that the party resisting the forum selection clause carries a heavy burden). In fact, Okla. Stat. tit. 42, § 177 appears to be the more applicable statute, as it is the statute under which Plaintiffs

---

[5] Plaintiffs cite *Erwin v. Barrow*, 217 F.2d 522 (10th Cir. 1954) in support. In that diversity action, the Tenth Circuit found that Okla. Stat. tit. 12, § 131(1)(a) applied to a suit for the recovery of real property because the action was "local and not transitory" in nature. *Erwin*, 217 F.2d at 525. After the enactment of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, however, the venue provisions of 28 U.S.C. § 1391 apply in federal court "without regard to whether the action is local or transitory in nature." 28 U.S.C. § 1391(a)(2); *see* 14D Charles Alan Wright et al., *Federal Practice and Procedure: Jurisdiction and Related Matters* § 3822 (4th ed. 2018).

13

seek cancelation of CR Crawford's lien. *See* Pet. at 1. Unlike Okla. Stat. tit. 12, § 131, Okla. Stat. tit. 42, § 177 uses permissive venue language: "[T]he owner of the land *may* file his petition in the district court of the county in which said land is situated . . . ." Okla. Stat. tit. 42, § 177 (emphasis added). In any event, neither statute "expressly prohibit[s] the use of forum selection clauses in private construction contracts" and, thus, "hardly provides a strong statement of a policy against such clauses in such contracts." *Herr Indus., Inc. v. CTI Systems, SA*, 112 F. Supp. 3d 1174, 1179-81 (D. Kan. 2015) (citing *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 648-50 (4th Cir. 2010)).

In sum, the Court has considered all of Plaintiffs' arguments and finds none of them to constitute an exceptional circumstance that would override the valid Forum Selection Clause.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 4) is DENIED. The Court, however, applying 28 U.S.C. § 1404(a) and Atlantic Marine, ORDERS that this case be transferred to the United States District Court for the Western District of Arkansas, Fayetteville Division.

IT IS SO ORDERED this 22nd day of March, 2019.

_____
CHARLES B. GOODWIN
United States District Judge