UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

OKCDT ENTERPRISE LLC and
ANISH HOTEL GROUP LLC                                                        PLAINTIFFS

v.                              No. 5:19-CV-05057

CR CRAWFORD CONSTRUCTION LLC, et al.                                         DEFENDANTS

**OPINION AND ORDER**

Before the Court is Defendants' motion (Doc. 31) to dismiss or stay and brief in support. Plaintiffs filed a response (Doc. 32) in opposition. Defendants move this Court to dismiss or stay this action based on federal abstention doctrines and the first-filed rule. For the reasons set forth below Defendants' motion will be GRANTED.

**I.      Background**

In October of 2017, CR Crawford Construction LLC ("CR Crawford") entered into a construction contract with Anish Hotels Group LLC ("Anish") to construct a Fairfield Inn Hotel in Oklahoma City, Oklahoma. (Doc. 31-1, p. 9). The contract between the parties included a forum selection clause that states:

> This agreement shall be construed in accordance with the laws of the State of Arkansas. The exclusive venue for litigation of any disputes arising hereunder or related to shall be either Washington County Circuit Court or United States District Court, Western District of Arkansas, Fayetteville Division. By executing this Agreement Owner hereby voluntarily, knowingly and intentionally submits itself to the personal jurisdiction of the courts referenced herein for the purpose of litigating any and all disputes with Contract related to the Agreement.

(Doc. 31-1, p. 20, § 13.2). On August 22, 2018, a dispute arose between CR Crawford and Anish regarding approval of a change order. (Doc. 31, p. 2; Doc. 1-2, p. 3). Anish stopped making payments under the agreement and CR Crawford stopped making payments to its subcontractors. (Doc. 31-1, p. 6, ¶ 32; Doc. 1-2, p. 11). As a result, CR Crawford filed a lawsuit against Anish

1

and eighteen subcontractors in Washington County Circuit Court alleging breach of contract against Anish and seeking a declaratory judgment establishing that it had not defaulted on its contracts with the subcontractors. (Doc. 31-1, p. 7). On September 14, 2018, CR Crawford filed a material or mechanic's lien statement in Oklahoma County, Oklahoma claiming Anish owed it $1,310,243.10 for labor and material furnished on the hotel project. (Doc. 1-2, p. 13). On October 31, 2018, Anish and OKCDT Enterprise LLC,[1] the owner of the land on which the hotel was to be built, filed this action in Oklahoma District Court for Oklahoma County, asserting slander of title and interference with contractual relations against CR Crawford and seeking a declaratory judgment establishing that CR Crawford's lien was incorrect, canceling the lien, and ordering CR Crawford to file an amended lien statement for the amount of undisputed charges due to CR Crawford. (Doc. 1-2, pp. 6-7). On November 19, 2018, Defendants removed the Oklahoma case to the United States District Court for the Western District of Oklahoma. (Doc. 1, p. 1). On November 27, 2018, Defendants then filed a motion to dismiss on the basis of improper venue, citing the forum selection clause in the parties' agreement, as well as the first-filed rule and the *Colorado River* abstention doctrine. (Doc. 4, p. 1). In its March 22, 2019 order, the Western District of Oklahoma denied the Defendants' motion to dismiss but transferred the case to the Western District of Arkansas based upon the forum selection clause. (Doc. 22). Judge Goodwin's order primarily focused on whether the parties' forum selection clause was enforceable and whether a transfer of venue was in the interest of justice. *Id.* Judge Goodwin only noted Defendants' request for dismissal pursuant to the first-filed rule and the *Colorado River* abstention doctrine in a passing footnote that did not analyze or rule on that request. *Id.*, p. 3, n. 2. Thus, the

---

[1] Anish and OKCDT appear affiliated with one another as "Anish Hotels was authorized to act on behalf of OKCDT" during the construction of the Fairfield Inn Hotel. (Doc. 1-2, p. 1).

Defendants filed the instant motion, renewing their request to dismiss this action based on the first-filed rule and the *Colorado River* and *Brillhart* abstention doctrines. (Doc. 31, p. 1).

**II.     Analysis**

Defendants ask the Court to dismiss or stay this action on the basis of the first-filed rule. The "first to file" or "first-filed" rule is a facet of federal comity doctrine that operates in instances of parallel litigation and is intended to "promote efficient use of judicial resources." *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985). "The well-established rule is that in cases of concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.'" *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993) (quoting *Orthmann*, 765 F.2d at 121). Although the rule has generally been applied when parallel litigation is pending in two different federal courts, this rule also applies with equal force when the first filed case is in state court. *Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1173 (11th Cir. 1982); *Crews & Assocs., Inc. v. Nuveen High Yield Mun. Bond Fund*, 783 F. Supp.2d 1066, 1071 (E.D. Ark. 2011); *Commercial Union Ins. Co. v. Torbaty*, 955 F.Supp. 1162, 1163 (E.D. Mo. 1997); *Andersen Windows, Inc. v. Delmarva Sash & Door Co.*, No. Civ. 02-74, 2002 WL 1424570, at *5 (D. Minn. June 28, 2002). This rule is not applied in a "rigid, mechanical, or inflexible" fashion, but "in a manner best serving the interests of justice." *Nw. Airlines, Inc.*, 989 F.2d at 1005 (citing *Orthmann*, 765 F.2d at 121). If compelling circumstances exist, the court which obtained jurisdiction later may decide the controversy. *Id.*

As a threshold matter in applying the first-filed rule, the Court must determine whether the action in Arkansas state court and this action are parallel litigation. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Lexington Ins. Co. v. Integrity Land Title Co., Inc.*, 721 F.3d 958, 968 (8th Cir. 2013). The nature of the

inquiry into identity of parties and issues is "imprecise" and "functional." *Id.* "As a functional matter . . . state proceedings are parallel if they involve the same parties or if the same parties may be subject to the state action and if the state action is likely to fully and satisfactorily resolve the dispute . . . ." *Id.*

The Arkansas state court action and this action have substantially the same parties. Although the Arkansas state court action includes eighteen subcontractors, it still features the two parties at the heart of this dispute, CR Crawford, the contractor in the construction agreement and Anish and OKCDT Enterprise LLC, the hotel group and landing holding entity having the hotel built under the agreement.[2] Similarly, in this action, Anish and OKCDT Enterprise LLC are the plaintiffs and CR Crawford and its managing members are the named defendants. Because the identity of parties inquiry is "imprecise" and "functional" and does not require a mirror-image of the named parties in each action, the two pending suits have substantially the same parties.

The Court must next determine whether the two suits seek to litigate substantially the same issues. The critical inquiry here is whether the parties in this action are subject to suit in the Arkansas state action and if the state action is likely to fully and satisfactorily resolve the dispute. In this action, Anish sued not only CR Crawford but also its managing members. Each member is a resident of Arkansas and is subject to suit in the state. (Doc.1-2, p. 2). Furthermore, the central issue to be resolved in both suits is whether either party breached the construction agreement and what is the outstanding sum of money owed in accordance with the agreement. Anish's claims for slander of title and interference with contractual relations are based on Arkansas state law and will depend on the fact finder's determination of whether there was a breach of contract by the parties

---

[2] Initially, CR Crawford's Arkansas state court action did not include OKCDT Enterprise LLC as a defendant. (Doc. 4-2, p. 1). However, on November 5, 2018, CR Crawford filed an amended complaint adding OKCDT Enterprise LLC as a defendant. (Doc. 31-1, p. 335).

and the rights that may have arisen as a result of a breach. *Hicks v. Earley*, 357 S.W.2d 647, 649 (Ark. 1962); AMI Civ. 403 (2018). The Arkansas state court action and this action feature substantially similar parties and litigates substantially similar issues. As a result, the two actions are parallel.

Because the two actions are parallel, the Court must apply the first-filed rule unless compelling circumstances exist that persuade the Court not to give effect to the rule. *Nw. Airlines, Inc.*, 989 F.2d at 1006–07. The Eighth Circuit has held that compelling circumstances may exist when the first suit was filed after the other party gave notice of its intention to sue and when the first action filed was an action seeking declaratory judgment rather than damages or equitable relief. *Boatmen's First Nat'l Bank of Kansas City v. Kansas Pub. Emps. Ret. Sys.*, 57 F.3d 638, 641 (8th Cir. 1995). Here, neither red flag is present. CR Crawford, the plaintiff in the Arkansas state court action, notified the Defendant Anish that it intended to initiate litigation over the construction agreement dispute. CR Crawford's Arkansas state court action against Anish alleges breach of contract rather than a declaratory judgment. Furthermore, Anish and OKCDT Enterprise LLC have failed to provide other compelling circumstances that would persuade the Court that applying the first-filed rule is inappropriate in this case. Because the Arkansas state court action was filed first and that court has jurisdiction over the parties based upon the construction agreement's forum selection clause, the Arkansas state court action should be allowed to proceed. In applying the first-filed rule, the court in the second-filed case may dismiss, stay, or transfer the case. *Nw. Airlines, Inc.*, 989 F.2d at 1005. Because the Arkansas state court matter is already proceeding and dismissal of this action will not give rise to statute of limitations issues, the Court finds that dismissing this matter pursuant to the first-filed rule is the appropriate resolution.

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (Doc. 31) is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 3rd day of May, 2019.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
U.S. DISTRICT JUDGE